FILED
United States Court of Appeals
Tenth Circuit

May 17, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LEROY SOMMERS,

  Petitioner-Appellant,

v.

JUSTIN JONES, Director,

  Respondent-Appellee.

No. 13-6010

(D.C. No. 5:12-CV-00867-F)
(W. D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

Leroy Sommers, an Oklahoma state prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 petition for federal habeas relief. Because Sommers has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter.

I

*State court proceedings*

In June 1996, Sommers was convicted by a jury in the District Court of Oklahoma

County, Oklahoma, of three counts of sexual abuse of a child and four counts of indecent

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

or lewd acts with a child under sixteen. Sommers was sentenced, in accordance with the jury's verdict, to a total term of imprisonment of twenty-four years.

Sommers filed a direct appeal challenging his convictions and sentences. On August 22, 2007, the Oklahoma Court of Criminal Appeals (OCCA) issued a summary opinion affirming Sommers' convictions and sentences. Sommers v. State, Case No. F-2006-724 (Okla. Crim. App. Aug. 22, 2007). Sommers did not file a petition for writ of certiorari with the United States Supreme Court.

On April 8, 2010, Sommers, represented by counsel, filed an application for state post-conviction relief raising four assignments of error which were identical to those raised and denied in his direct appeal. The state district court issued an order on April 21, 2010, denying Sommers' application. Sommers did not appeal the state district court's decision.

On December 2, 2011, Sommers, appearing pro se, filed a second application for state post-conviction relief. The application asserted two claims for relief: a claim of prosecutorial misconduct and a claim of ineffective assistance of trial counsel. On March 22, 2012, the state district court denied Sommers' application on the grounds that the claims asserted therein were procedurally barred under Oklahoma state law. Sommers appealed to the OCCA which, on June 25, 2012, affirmed the state district court's denial of relief.

*Federal habeas proceedings*

On August 10, 2012, Sommers filed his pro se petition for writ of habeas corpus.

2

Ground one of the petition alleged that Sommers' trial counsel was ineffective in a number of respects. Ground two alleged that perjured testimony was admitted at Sommers' trial. Ground three alleged that the prosecutor at Sommers' trial engaged in misconduct by introducing perjured testimony.

Respondent moved to dismiss Sommers' petition as untimely under 28 U.S.C. § 2244(d). Sommers filed a response in opposition to the motion, asserting that he was entitled to equitable tolling because (a) he could establish a clear violation of his Sixth Amendment right to effective assistance of counsel at trial, and (b) he and his family paid two different attorneys to file a federal habeas petition on his behalf, but both attorneys failed to do so.

On November 7, 2012, the magistrate judge assigned to the case issued a report and recommendation addressing respondent's motion to dismiss. The magistrate judge began by noting that Sommers' convictions became "final," for purposes of § 2244(d), "on November 20, 2007, or ninety days after the OCCA entered its decision, when the time for filing a petition for certiorari in the Supreme Court expired." Dist. Ct. Docket No. 11 at 5. In turn, the magistrate judge determined that Sommers' "one-year limitations period began to run on November 21, 2007, and expired one year later, on November 21, 2008." Id. The magistrate judge noted that Sommers' "two applications for post-conviction relief under Oklahoma law were filed after the limitations period expired and therefore d[id] not toll the limitations period." Id. Finally, the magistrate judge concluded "equitable tolling of the limitations period [wa]s not warranted." Id. at 7.

3

Although the magistrate judge acknowledged Sommers' argument that "he was abandoned by the attorneys hired to file his federal habeas petition," id. at 5, the magistrate judge noted that the supporting documents submitted by Sommers failed to indicate the "dates on which the attorneys were purportedly hired or any other circumstances indicating either exceptional circumstances or due diligence by [Sommers]," id. at 6. Indeed, the magistrate judge noted that Sommers "d[id] not state that he took any action whatsoever to pursue his federal claims until long after [§ 2244(d)'s] limitations period expired." Id. at 7. Consequently, the magistrate judge recommended that respondent's motion to dismiss be granted and Sommers' petition dismissed as time-barred. Id.

Sommers filed a timely objection to the magistrate judge's report and recommendation asserting that he was entitled to equitable tolling of the one-year limitations period. In support, Sommers noted that the first attorney his family hired to pursue federal habeas relief on his behalf was later disbarred. Sommers argued that this effectively left him with "no attorney that was competent" to assist him. Dist. Ct. Docket No. 13 at 2. But Sommers provided no additional details as to the timing of this representation or the steps he took after learning about this attorney's disbarment.

On December 13, 2012, the district court issued a written order adopting the magistrate judge's report and recommendation, granting respondent's motion to dismiss, and dismissing Sommers' petition as time-barred. The district court's order also denied Sommers a COA. Judgment in the case was entered that same day.

4

Sommers filed a timely notice of appeal, and has since filed with this court a combined opening brief and application for a COA.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court denies a habeas petition on procedural grounds, a COA will be issued only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Sommers does not take issue with the district court's determination that the one-year limitations period outlined in § 2244(d) had expired at the time he filed his federal habeas petition. Instead, Sommers continues to assert, as he did below, that he is entitled to equitable tolling of that limitations period due to the fact that he attempted, without success, to have two attorneys file a federal habeas petition on his behalf. As the district court effectively observed, however, it was Sommers' burden to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). And, whether or not Sommers' allegations of misconduct by the two attorneys he hired to file a federal habeas petition were sufficiently

5

serious to be classified as "extraordinary," <u>see</u> <u>id.</u> at 2564 (holding that some instances of attorney misconduct can justify equitable tolling), reasonable jurists cannot disagree with the district court's conclusion that Sommers failed to establish that he acted diligently to preserve his federal habeas rights. In particular, Sommers offered no explanation of (a) precisely when he or his family hired each attorney, (b) when he learned of each attorney's alleged misconduct, or (c) the steps he personally took to preserve his federal habeas rights after learning of this misconduct. Without this information, the district court was in no position to conclude that Sommers pursued his federal habeas rights diligently, let alone to conclude that Sommers was entitled to equitable tolling of the one-year limitations period.

The application for COA is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

6